**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:11-2958 |
| | ) | |
| State of South Carolina and | ) | |
| Nikki R. Haley, in her official | ) | |
| capacity as the Governor of | ) | |
| South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Lowcountry Immigration Coalition, | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:11-2779 |
| | ) | |
| vs. | ) | |
| | ) | |
| Nikki R. Haley, in her official | ) | |
| capacity as the Governor of | ) | |
| South Carolina, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER**

This Court has set a status conference in these matters for July 9, 2012. (Dkt. Nos. 86 and

137). In light of the United States Supreme Court's decision of June 25, 2012, in *Arizona v. United*

*States*, __ U.S. __, No. 11-182, 2012 WL 2368661 (2012), it appears likely that the Court will find

-1-

it necessary to revise some portion of its preliminary injunction order of December 22, 2011. (Dkt. Nos. 64 and 123). Under normal circumstances, the Court would have the authority to revise its preliminary injunction order pursuant to the provisions of Rule 54(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 54(b); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). However, the State Defendants have filed an interlocutory appeal, which has the effect of divesting the District Court of jurisdiction over those aspects of the case involved in the appeal. *See Fobian v. Storage Technology Corp.*, 164 F.3d 887, 890 (4th Cir. 1999).

The Fourth Circuit has established a procedure in *Fobian* to address this situation by allowing litigants to move before the District Court for relief from an order, and the District Court, if it is inclined to grant the motion for relief, may then issue a memorandum to the Fourth Circuit indicating that it is inclined to grant the motion. *Id.* at 891; *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, No. 3:09-220, 2009 WL 2849739 (W.D.N.C. Sept. 1, 2009) (applying the procedure from *Fobian* in the context of an interlocutory order). One or more parties can then move before the Fourth Circuit for a limited remand to allow the District Court to revise its order. *Fobian*, 164 F.3d at 891. Such a procedure is designed to "sav[e] judicial resources and avoid[] expense and delay." *Id.*

The Court is alerting counsel of this matter in advance of the status conference of July 9, 2012, so that they will be prepared to address this issue at that time. The Court is also aware that counsel have a status report due to the Fourth Circuit early next week (Court of Appeals Dkt. No. 51), and counsel should advise the Fourth Circuit of the District Court's inclination to revise its

-2-

previous order in light of *Arizona v. United States* should a limited remand be made by the appellate court.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 28, 2012