**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:11-2958 |
| | ) | |
| State of South Carolina and | ) | |
| Nikki R. Haley, in her official | ) | |
| capacity as the Governor of | ) | |
| South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Lowcountry Immigration Coalition, | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:11-2779 |
| | ) | |
| vs. | ) | |
| | ) | |
| Nikki R. Haley, in her official | ) | |
| capacity as the Governor of | ) | |
| South Carolina, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiffs in Civil Action No. 2:11-2779 have moved before the Court for an indicative

ruling, pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, regarding the impact of the

United States Supreme Court's recent decision in *Arizona v. United States*, 2012 WL 2368661

(2012), on the Court's previously issued preliminary injunction in the above captioned matters.

-1-

Plaintiff United States of America in Civil Action No. 2:11-2958 takes no position on the motion and Defendants in both of the above captioned actions oppose the motion.

FRCP 62.1 is designed to address the situation where a district court would be inclined to review a previously issued order then on appeal but has no jurisdiction because the matter is pending before the appellate court. In such a situation, should a party move under FRCP 62.1 for an indicative ruling and the district court find that the motion "raises a substantial issue", the appellate court, under Rule 12.1(b) of the Federal Rules of Appellate Procedure, "may remand for further proceedings . . . ."

In the matters before the Court, Plaintiffs moved last year for a preliminary injunction to enjoin portions of South Carolina Act No. 69 which were to become effective on January 1, 2012. The Court granted in part and denied in part Plaintiffs' motions for a preliminary injunction on December 22, 2011. (C.A. No. 2:11-2779, Dkt. No. 123; C.A. No. 2:11-2958, Dkt. No. 64). The Court and the parties were aware at the time of the issuance of the preliminary injunction that the United States Supreme Court had granted certiorari in the Ninth Circuit's *Arizona* decision, and the Court subsequently agreed, at the joint request of all parties, to stay discovery in the above captioned actions until the Supreme Court's decision. (C.A. No. 2:11-2779, Dkt. No. 126; C.A. No. 2:11-2958, Dkt. No. 68). This same order anticipated a status conference immediately following the *Arizona* decision to assess its impact on the Court's preliminary injunction. Subsequent to the issuance by the District Court of this stay and before the Supreme Court's decision in *Arizona*, the State Defendants filed a notice of appeal with the Fourth Circuit, which had the effect of divesting the District Court of jurisdiction over the preliminary injunction.

-2-

The Court has carefully reviewed the Supreme Court's *Arizona* decision and finds that it raises "substantial issues" regarding at least a portion of the Court's preliminary injunction.[1]  A limited remand would allow the parties to fully brief and address these issues before the District Court, and this process might well narrow and refine the issues to be addressed on appeal.  Thus, it would appear that a limited remand would promote judicial efficiency and economy.  *See, Fobian v. Storage Technology Corp.*, 164 F.3d 897, 891 (4th Cir. 1999) (indicative ruling procedure designed to "sav[e] judicial resources and avoid[] expense and delay").

In light of the Court's Order herein, Plaintiffs in Civil Action No. 2:11-2779 are directed, pursuant to FRCP 62.1(b), to advise the Clerk of the Fourth Circuit of the District Court's decision in this matter.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
July 9, 2012

---

[1] The Court appreciates the willingness of the parties to brief the issue of whether the *Arizona* decision raises "substantial issues" regarding the Court's preliminary injunction, but finds that such additional legal filings are unnecessary and burdensome.  The purpose of FRCP 62.1 is to promote judicial economy and efficiency and another round of briefings in this case would not further that end.  Should the Fourth Circuit remand this matter to the District Court, the parties will have a full opportunity to address all relevant legal issues arising out of the *Arizona* decision and their impact on the Court's preliminary injunction.

-3-